Haight, J.
The appellant had instituted proceedings-against the respondent to have him adjudged guilty of a contempt. The contempt having been denied, interrogatories were filed, to which thé respondent objected or demurred upon the ground that they were insufficient and did not relate to the contempt alleged. The court thereupon ordered that the demurrers to certain of the interrogatories be sustained, and that the complainant have leave to file amended interrogatories within two days after the entry of the order on payment of the costs of the demurrer, to be taxed by the clerk of Monroe county. Thereupon the accused caused his costs to be taxed by the clerk at $46.50-, and issued an execution to collect the same. Motion was then made at special term to have the execution set aside- and from the order denying such motion this appeal was taken. Upon the hearing of the motion at special term-, upon the objection or demurrer taken to the interrogatories, after the court had announced its decision to sustain the demurrer, the question was raised as to what costs the accused was entitled to. The court thereupon announced that it had not examined the question, ana would at that time simply sustain the demurrer with costs, leaving the question as to the amount of costs to be first determined by the clerk. It consequently does not clearly appear what costs the court intended to award. The clerk evidently construed the order as allowing the same costs as in art action, under section 3240 of the Code, and taxed accordingly. It is possible that we are not now called upon to review that order or the taxation that was made under it, as no appeal therefrom appears to have been taken. We are not however, satisfied that such costs could have been properly allowed or taxed. It is true that objec *180 tians to interrogatories so filed have been called demurrers. Brown v. Andrews, 1 Barbour, 227. But the question as to whether or not they were properly so called does not appear to have been raised or considered.
By the Code, demurrers are authorized to the pleadings but are not authorized to the evidence.
In the Matter of Eldridge, an attorney (82 N.Y., 161), it was held that papers upon which the attachment was issued to bring a person into court to answer for a contempt, together with the denial of the party accused, perform the office of the pleadings.
Section 2280 of the Code provides that “when the accused is produced by virtue of a warrant or writ of habeas corpus, or appears upon the return of a warrant, the court, judge or referee must, unless he admits the offense charged, cause interrogatories to be filed,” etc. It further provides that “the accused must make written answers thereto, under oath, within such reasonable time as the court, judge or referee allows therefor,” etc.
The interrogatories are but written questions calling for written answers, and their object is to determine the issue raised; that is, whether the accused is or is not guilty of the contempt charged. It is but a mode of trial established by the Code. Whilst the interrogatories are subject to objections and may be stricken out upon motion, they are not pleadings or subject to demurrer as such.
The order in this case does not, however, allow costs of the demurrer. The demurrers to the interrogatories are sustained, but no costs are awarded. Leave is granted to file amended interrogatories within the time named on payment of the costs of the demurrer to-be taxed by the clerk. Consequently, if the appellant does not choose to file amended interrogatories he is not required to pay any costs by the terms of the order. It does appear that he subsequently attempted to serve interrogatories, but the respondent refused to accept them for the reason that the costs provided for in the order as a condition for the leave to serve them had not been paid, and there the matter appears to have rested.
We are consequently of the opinion that no costs have become due and payable under the terms of the order.
Again, the costs claimed and taxed are those allowable upon final judgment, and the respondent claims the right thereto under section 3210 of the Code, which provides that costs in special proceedings, when not specifically regulated by the Code, may be awarded to any party, in the discretion of the court, at the rates allowed for similar services in an action.
In the case under consideration there were interrogatories *181 served to which the demurrer was not sustained. These interrogatories required answer. The issue had not been determined or the proceedings terminated, and it is well settled in actions that there can be no judgment for costs entered in favor of a party who prevails upon the issue of law until the issues of fact in the case are disposed of. Master v. Bernard, 6 How., 113; Belknap v. McIntyre, 2 Abb., 366; Mora v. The Sun Mutual Ins. Co., 13 id., 304; S. C., 22 How., 60; Robinson v. Hall, 35 Hun, 214.
The order appealed from should be reversed and the execution vacated, with ten dollars costs and disbursements. Smith, P. J.; Barker and Bradley, JJ., concur.